**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

ALAN BERNARD TILLEY #229739      *
                                 *
    Petitioner,              *
                                 *
vs.                              * CIVIL ACTION NO.: 15-00353-CG-B
                                 *
DEWAYNE ESTES,                   *
*et al.,*                        *
                                 *
    Respondents.             *

**REPORT AND RECOMMENDATION**

Alan Bernard Tilley, a state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1).  The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R), and Rule 8 of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case.  Kelley v. Sec'y for the Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004).  Following a complete review of this action, the undersigned recommends that the petition be dismissed as barred by the statute of limitations.

**FINDINGS OF FACT**

On May 4, 2007, Tilley pled guilty to murder in the Circuit Court of Mobile County, Alabama. (Doc. 11-6 at 4). He was

1

sentenced to twenty years in prison. (Id.) The court suspended seventeen years of the sentence, and ordered Tilley to serve three years in prison followed by five years of supervised probation. (Id.) On March 12, 2009, the court revoked Tilley's probation, and ordered him to serve ninety days in jail. (Id. at 6-7). Tilley's probation was revoked a second time on May 20, 2010, and the original twenty-year sentence was reinstated. (Docs. 11-6 at 6; 11-9).

On March 27, 2013, Tilley filed a Rule 32 petition and a request to proceed *in forma pauperis*. (Doc. 11-3).[1] In an Order dated May 9, 2014, the trial court denied Tilley's *in forma pauperis* request and in doing so, observed that in the twelve month period preceding the filing of Tilley's *in forma pauperis* request, Tilley had a total of $815 deposited into his prison account. (Doc. 11-4). The trial court denied the request and directed that Tilley's Rule 32 petition and his *in forma pauperis* declaration be returned to him. (Id.)

---

[1] Tilley asserted the following grounds: (1) the 'new' robbery charge that was the basis for revoking his probation was no billed by the grand jury; thus, his probation was revoked solely on hearsay evidence in violation of his due process rights, (2) the 'new' robbery charge was no billed by the grand jury; thus, the revocation order was "void on its face", (3) the revocation order was legally insufficient in that it allegedly "failed to state the evidence relied upon or the reasons" for revoking his probation, and (4) the failure to appeal the revocation resulted through no fault of his own as neither the trial court nor attorney appraised him of his right to appeal the order revoking his probation. (Id.)

On July 28, 2014, Tilley filed a "Motion for Resentencing Pursuant to § 15-22-54.1". (Doc. 11-6 at 10).  In the motion, Tilley sought modification of the trial court's revocation order on the ground that he was allegedly a "technical violator". (Id.). His motion was denied by the trial court. (Id. at 11). Tilley appealed the denial of his "Motion for Resentencing". (Docs. 11-5; 11-6 at 12). He raised the following grounds on appeal: (1) the trial court erred in revoking his probation because the 'new' robbery that was the basis for the revocation was no billed by the grand jury; (2) by denying his motion to proceed *in forma pauperis*, the trial court denied him access to state court; and (3) his counsel at the revocation hearing was ineffective because he did not inform Tilley of his right to appeal that ruling. (Doc. 11-7).  In affirming the trial court's ruling, the Alabama Court of Criminal Appeals noted that the "issues raised in this brief on appeal concern a Rule 32 petition that he apparently attempted to file but his filing fee was not paid[2]. . . .Tilley raises no issues concerning the denial of his motion for resentencing . . ." (Doc. 11-9 at 2). Tilley sought certiorari review before the Alabama Supreme Court, but

---

[2] The appeals court noted that to the extent that Tilley was attempting to challenge the revocation of his probation, his appeal of that decision was untimely. (Doc. 11-9 at 2).

his petition was denied by that court on May 15, 2015. (Docs. 11-5 at 2; 11-10).

Tilley filed the instant § 2254 petition on June 15, 2015[3]. (Doc. 1).  He attacks his state court conviction and probation revocation on the following grounds: (1) he was denied his right to appeal from the revocation of his probation when neither the trial court nor his counsel advised him of his right to appeal the ruling, (2) he was denied access to the courts when the trial court denied his request to proceed in forma pauperis for purposes of considering his Rule 32 petition, and (3) he was denied due process under what he labels as "Actual Innocence" and a "Fundamental Miscarriage of justice." (Id. at 6-9, 13-14).

In Respondent's brief in opposition to Tilley's petition, Respondent asserts that Tilley's conviction became final on June 15, 2007; thus, his § 2254 petition is beyond the one year period of limitation in 28 U.S.C. 6 2244(d) and should therefore be dismissed as untimely. (Doc. 11 at 6). For the reasons set forth herein, the undersigned recommends that the Tilley's

---

[3] While Tilley's habeas petition was received by the Northern District of Alabama on June 18, 2015, and was transferred to this Court on July 13, 2015, he signed the petition on June 15, 2015.   (Doc. 1).   Pursuant to the mailbox rule, a prisoner's petition is deemed filed on the date it is delivered to prison officials for mailing, absent contrary evidence.   Houston v. Lack, 487 U.S. 266, 271-71, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Adams v. United States, 173 F.3d 1339, 1340-41 (11th Cir. 1999).

petition be dismissed because it is barred by the one-year statute of limitations.

## ANALYSIS

Pursuant to 28 U.S.C. § 2244 (d)(1), as amended by the April 24, 1996 enactment of The Anti-Terrorism and Effective Death Penalty Act of 1996, § 101(Supp. II 1997) ("AEDPA"), a state prisoner seeking a federal habeas corpus remedy must file his federal petition within one year of the "conclusion of direct review or the expiration of the time for seeking such review."  The Act provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitations period shall run from the latest of:
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have

> been discovered through the exercise of
> diligence.
>
> (2) The time during which a properly filed
> application for State post-conviction or other
> collateral review with respect to the pertinent
> judgment or claim is pending shall not be counted
> toward any period of limitation under this
> subsection.

28 U.S.C. § 2244 (d).

As noted above, the AEDPA imposes a one-year limitations period on § 2254 actions and includes one of several commencement dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see also Pugh v. Smith, 465 F.3d 1295, 1298 (11th Cir. 2006). The probation revocation at issue in the instant petition occurred on May 20, 2010, when the twenty-year sentence for Tilley's murder charge was reinstated. Thus, contrary to the Respondent's assertion, May 20, 2010 is the relevant date for determining the timeliness of Tilley's habeas petition. See Green v. Price, 439 Fed. Appx. 777 (11th Cir. 2011)("[i]nstead of focusing on the misdemeanor conviction, the district court should have focused on the Circuit Court order revoking Green's probation and its reimposition of the ten year sentence").

Tilley did not appeal the trial court's order revoking his probation. Accordingly, his conviction and sentence became final on July 1, 2010 after his 42 days to file a notice of appeal had

passed. Ala. R. App. P. R. 4. And, the statute of limitations for Tilley to file a federal habeas petition began running on July 1, 2010. The limitation period for filing under the AEDPA expired one year after Tilley's conviction became final, or on July 1, 2011. Thus, unless Tilley can demonstrate that the tolling provisions of the AEDPA were triggered, his habeas petition is untimely.

Section 2244(d)(2) of the AEDPA provides for the tolling of the limitations period pending state court review of a properly filed application for post-conviction relief. See In re Hill, 437 F.3d 1080, 1083 (11th Cir. 2006). Although Tilley filed a Rule 32 petition with the state court[4], it was not pending during the running of the AEDPA limitation period. The law is clear that "even 'properly filed' state court-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000); see also Tinker v. Moore, 255 F.3d 1331, 1335. n.4 (11th Cir. 2001)("[A] properly filed petition in state court only

---

[4] After denying Tilley's *in forma pauperis* declaration, the Court directed that the declaration and Rule 32 petition be returned to Tilley. He does not allege and the record does not reflect that Tilley ever paid the filing fee; thus, the Rule 32 petition was never properly filed.

tolls the time remaining within the federal limitation period."); Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004)("While a properly filed application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.")(citation omitted).  Because the AEDPA limitations period had already expired by the time Tilley filed his Rule 32 petition in 2013, it had no tolling effect.  Thus, Tilley's federal habeas petition, which was filed over four years after the July 1, 2010 deadline, was untimely.

Before recommending dismissal of Tilley's habeas petition as untimely, the undersigned must determine whether Tilley has pled extraordinary circumstances that require a contrary conclusion. Thus, unless Tilley can demonstrate that the tolling provisions of the AEDPA were triggered, his habeas petition is untimely.

The Eleventh Circuit has stated that:

> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.' Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)]. Equitable tolling is an extraordinary remedy, which is typically applied sparingly. See Irwin v. Dept. Of Veterans Affairs, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990).

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000).  See also
Holland v. Florida, 560 U.S. 631, 645, 130 S. Ct. 2549, 2560,
177 L.Ed.2d 130, 143 (2010) (" §2244(d) is subject to equitable
tolling in appropriate cases[,] . . . We have previously made
clear that a 'petitioner is entitled to equitable tolling' only
if he shows '(1) that he has been pursuing his rights
diligently, and (2) that some extraordinary circumstance stood
in his way' and prevented timely filing."); Diaz v. Sec'y for
the Dept. of Corr., 362 F.3d 698 (11th Cir. 2004); Miller v. New
Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3rd
Cir. 1998)("equitable tolling is proper only when the principles
of equity would make [the] rigid application [of a limitation
period] unfair . . . [g]enerally, this will occur when the
petitioner has in some extraordinary way...been prevented from
asserting his or her rights . . . [t]he petitioner must show
that he or she exercised reasonable diligence in investigating
and bringing [the] claims . . . [m]ere excusable neglect is not
sufficient").  Moreover, in the Eleventh Circuit, as a general
rule, "the "extraordinary circumstances" standard applied in
this circuit focuses on the circumstances surrounding the late
filing of the federal habeas petition, rather than the
circumstances surrounding the underlying conviction." Helton v.
Sec'y of Dep't of Corr., 259 F.3d 1310, 1314 (11th Cir. 2001),

cert. denied, 535 U.S. 1080, 122 S. Ct. 1965 (2002); Drew v. Dep't of Corr., 297 F.3d 1278, 1286-87 (11th Cir. 2002).

In this case, Tilley has failed to establish a basis for equitable tolling of the statutory limitations period. While Tilley contends that the trial court and his attorney failed to advise him that he could appeal the revocation of his probation to the state appellate court, he has not alleged nor demonstrated that the existence of extraordinary circumstances beyond his control prevented him from filing a timely federal habeas petition with this court.  He has also failed to meet the heavy burden of showing that he exercised reasonable diligence in exercising his rights. See Butler v. Estes, 2015 U.S. Dist. LEXIS 54683, 2015 WL 1883846, at * 5 (N.D. Ala. Apr. 24, 2015) (court rejected the petitioner's claim that he was entitled to equitable tolling because neither the court nor his attorney informed him of his right to appeal as such allegations do not constitute extraordinary circumstances that caused the petitioner not to file a timely federal habeas petition.); Miller v. Cason, 49 F. App'x 495, 497 (6th Cir. 2002); Hawks v. Secretary, DOC, 2014 U.S. Dist. LEXIS 13708, 2014 WL 445991, at *2 (M.D. Fla. Feb. 4, 2014); Shelby v. McNeil, 2010 U.S. Dist. LEXIS 45036, 2010 WL 1850524, at *5 (N.D. Fla. April 14, 2010); Doyle v. Brown, 2008 U.S. Dist. LEXIS 115726, 2008 WL 4593377, at *2 & n.2 (S.D. Ga. Oct. 14, 2008).

Where Respondent has asserted the defense of statute of limitations and the Petitioner has failed to meet his burden of establishing extraordinary circumstances which would justify the equitable tolling of AEDPA's limitations period, the undersigned must recommend that this case be dismissed as time-barred. Accordingly, the undersigned finds that because Tilley has neither demonstrated actual innocence, nor established that equitable tolling is warranted in this case, his federal habeas petition should be dismissed as time-barred, and judgment should be entered in favor of Respondent.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases (December 1, 2009). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason

11

would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003)("Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further").

In the instant action, Tilley's claims are clearly time barred, and he has failed to present extraordinary circumstances beyond his control that prevented him from filing this action in a timely manner. Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). He has also failed to make a sufficient showing of 'actual innocence' of the charge for which he was convicted. Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L.Ed.2d 808 (1995). Thus, under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Tilley should be allowed to proceed further. Slack, 529 U.S. at 484, 120 S. Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be

12

allowed to proceed further"). Accordingly, the undersigned recommends that the court conclude that no reasonable jurist could find it debatable whether the Tilley's petition should be dismissed; thus, he is not entitled to a certificate of appealability.

## CONCLUSION

For the reasons set forth above, the undersigned **recommends** that the Court dismiss Tilley's petition with prejudice as time-barred and find that he is not entitled to a Certificate of Appealability, and that he is not entitled to proceed *in forma pauperis*[5] on appeal.

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); **Fed.R.Civ.P.** 72(b); S.D. ALA GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party

---

[5] An *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

13

failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

DONE this **28th** day of **June, 2016.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**

14